UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | Criminal No. 12-9-(4)-ART |
| v. | ) ) | **MEMORANDUM OPINION AND** |
| BEVERLY LOCKHART, | ) ) | **ORDER** |
| Defendant. | ) ) | |

*** *** *** ***

Beverly Lockhart moved to dismiss, R. 348; R. 355, the most recent superseding indictment in this case, R. 336. The new indictment retained the previous indictment's only charge against Lockhart: conspiracy to distribute Schedule II controlled substances (Count I). *Compare* R. 16 at 1–3, *with* R. 336 at 1–3. The latest indictment also charged Lockhart with two new, identical counts of distributing oxycodone "on or about a day in March or April of 2011" (Counts II and III). R. 336 at 3–4.

Although the three counts allege similar conduct (distributing controlled substances), Count I is unrelated to Counts II and III. The indictment describes in detail the conspiracy charged in Count I: A doctor prescribed large amounts of controlled substances to Kentucky patients, Lockhart and others filled those prescriptions, and the patients distributed the controlled substances. *See id.* at 1–3. Counts II and III allege that Lockhart herself distributed controlled substances, *id.* at 3–4, via so-called "off-book" sales, *i.e.*, illegally selling drugs to patients without a prescription. *See* R. 330 at 4–5.

Before filing the most recent superseding indictment, the government argued that

Lockhart's off-book sales were part of the conspiracy charged in Count I. *Id.* When Lockhart moved to exclude evidence of those sales, the Court noted that the off-book sales appeared to be distinct from the charged conspiracy. *See id.* The Court therefore ordered the United States to brief whether the off-book sales were admissible to prove the conspiracy if it wished to introduce evidence of those sales. *Id.* at 7. Rather than brief the issue, however, the United States returned to the grand jury and obtained the new indictment, which added Counts II and III.

Lockhart contends that the Court should dismiss the indictment, because she is the victim of a vindictive prosecution. R. 348-1 at 3–5. In the alternative, Lockhart argues that the Court must at least dismiss Counts II and III, because they do not provide her with adequate notice of the offenses charged and could subject her to double jeopardy. R. 355-1 at 2–6. Although the Court denies both of Lockhart's motions, the Court will sever the trial of Count I from the trials of Counts II and III pursuant to its authority under Federal Rule of Criminal Procedure 14(a).

## I. Lockhart Is Not the Victim of a Vindictive Prosecution

The Due Process Clause forbids a prosecutor from vindictively punishing a defendant for asserting her legal rights. *United States v. Goodwin*, 457 U.S. 368, 372 (1982). Lockhart argues that the prosecutor charged Counts II and III to punish her for filing various successful pretrial motions, including motions to exclude evidence and to dismiss certain charges in a related case. R. 348-1 at 5.

In this circuit, a defendant may prove that she is the victim of a vindictive prosecution in either of two ways. First, a defendant may prove "actual vindictiveness," by adducing objective evidence that the prosecutor intended to punish the defendant.

*United States v. Poole*, 407 F.3d 767, 774 (6th Cir. 2005). Second, a defendant may attempt to show that there is a "realistic likelihood of vindictiveness." *Id.* When a defendant raises a "realistic likelihood" claim, the court must analyze all the circumstances to determine "whether a reasonable person would think there existed a realistic likelihood of vindictiveness." *United States v. Andrews*, 633 F.2d 449, 454 (6th Cir. 1980) (en banc). To assess whether a "realistic likelihood of vindictiveness" exists, the Court must weigh two factors: (1) the prosecutor's stake in preventing assertion of the protected right, and (2) the reasonableness of the prosecutor's actions. *See Poole*, 407 F.3d at 776.

Lockhart contends that a series of choices by the prosecution suggest a realistic likelihood of vindictiveness. In two separate cases, the United States charged Lockhart with conspiring to commit health care fraud (the "fraud case," No. 7:12-8-(2)) and conspiring to distribute controlled substances (the "drug case" or "this case," No. 7:12-9-(4)). Before Lockhart was arraigned, the United States filed superseding indictments in both cases, adding charges of money laundering against other defendants and seeking the forfeiture of certain property in the fraud case. *See* No. 7:12-8-(2), R. 8; No. 7:12-9-(4), R. 16. Lockhart then moved to dismiss the fraud case, *see* R. 58, and was successful as to two counts. *See* R. 79 (adopting Magistrate Judge's recommendation, R. 75, to dismiss two counts). The government filed a second superseding indictment in the fraud case, adding the business Lockhart worked for as a defendant. *See* R. 82. After Lockhart moved to dismiss the revised indictment, R. 131, the government filed a third superseding indictment. R. 146. Finally, in this case, after Lockhart successfully moved to exclude certain evidence, including evidence of the off-book sales, *see* R. 330 at 5–8, the United

3

States charged Counts II and III, R. 336 at 3–4.

Lockhart argues that the government has heaped additional charges on her at every turn, but she misreads the history of these cases. For example, Lockhart claims that the government sought the initial superseding indictments in response to her refusal to plead guilty. R. 348-1 at 2. But the record shows that Lockhart had not even been arraigned when the United States filed those indictments, *see* R. 82 (arraignment in drug case), and defense counsel does not dispute the government's assertion that no plea negotiations had taken place.[1] Similarly, the addition of charges against *other* defendants has no bearing on whether *Lockhart* was vindictively prosecuted. The only charges added against Lockhart were Counts II and III, so only those counts can support Lockhart's vindictive prosecution claim.

The Prosecutor's Stake in Discouraging Lockhart's Pretrial Filings: Lockhart argues that the government added Counts II and III to punish her for filing successful motions to exclude certain evidence in the drug case and to dismiss various counts in the fraud case. R. 348-1 at 5. Pretrial motions—as opposed to the filing of an appeal—usually do not implicate a sufficient prosecutorial "stake" in the exercise of a protected right. *See Poole*, 407 F.3d at 776 ("[T]he prosecution's 'stake' is greater when it is forced to endure a complete new trial, or 'do over what it thought it had already done correctly.'") (quoting *Goodwin*, 457 U.S. at 383). In *United States v. Suarez*, the defendant claimed that the prosecutor responded vindictively to his intention to file

---

[1] Even if Lockhart's account were accurate, the addition of new charges following the failure of plea bargaining would not support a vindictive prosecution claim. *Bordenkircher v. Hayes*, 434 U.S. 357, 363 (1978) ("[I]n the 'give-and-take' of plea bargaining, there is no . . . element of punishment or retaliation so long as the accused is free to accept or reject the prosecution's offer.").

4

motions to suppress and to dismiss. 263 F.3d 468, 479 (6th Cir. 2001). The court held that those motions were "not particularly exceptional," and that the burden imposed on the prosecution by such motions was "minimal." *Id.* at 479–80. Lockhart's motions are no more exceptional or burdensome than the motions in *Suarez*, so it is tempting to say that *Suarez* forecloses Lockhart's claim.

In *Andrews*, however, an en banc panel of the Sixth Circuit held open the possibility that a defendant's pretrial motions may, in some cases, implicate a sufficient prosecutorial stake. 633 F.2d at 454. And unlike the defendant in *Suarez*—who only intended to file certain motions—Lockhart actually filed her motions and repeatedly prevailed. The Court need not decide whether those differences suffice to distinguish *Suarez*, however, because the prosecution behaved reasonably, so Lockhart's claim fails.

The Reasonableness of the Prosecutor's Conduct: Although many of the government's filings in these cases were inefficient, they were not unreasonable. Where the government adds charges after the exercise of a procedural right because it made an honest mistake, the addition of those charges is reasonable, not vindictive. *See Andrews*, 633 F.2d at 454. *Andrews* specifically noted that the decision to add charges where the defendant committed multiple criminal acts—rather than to substitute a more severe charge for a less severe charge—may well be the product of a prosecutorial error. *Id.* And that is precisely what happened here. The government candidly acknowledges that it added Counts II and III because it made a mistake. The prosecution charged a narrow conspiracy in Count I, but it thought that the conspiracy embraced the off-book sales. After the Court suggested that the charges were unrelated and ordered briefing on the issue, R. 330 at 4–5, the prosecutor returned to the grand jury and added Counts II and III.

5

*See* R. 336 at 3–4.

As such, the government's mistake effectively resulted in an advisory opinion regarding how broadly the Court views the conspiracy charged in Count I. When the prosecutor realized his mistake, he elected to charge the off-book sales as separate crimes by adding Counts II and III. Unfortunately for Lockhart, the Constitution forbids vindictive charging decisions, not sloppy ones. Under *Andrews*, a reasonable observer would conclude that the prosecution added Counts II and III because it made an honest mistake, and there is no reasonable likelihood that the prosecution added Counts II and III vindictively. *See* 633 F.2d at 454.

## II.  Counts II and III Provide Lockhart with Sufficient Notice

Lockhart next argues that the indictment does not provide her with adequate notice of the offenses charged, because the date range alleged in Counts II and III is too broad. R. 355-1 at 4. An indictment is constitutional "if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974). Counts II and III allege that Lockhart distributed a controlled substance "on or about a day in March or April of 2011." R. 336 at 3–4.

The counts are not a model of precision, but the Constitution does not require an indictment to allege the date of the crime precisely. Where the date of the offense is not an element of the crime, "great generality in the date allegation is acceptable." 1 Charles A. Wright, et al., Federal Practice & Procedure § 125 (4th ed.); *see United States v. Talebnejad*, 460 F.3d 563, 571 (4th Cir. 2006) ("Where a particular date is not a

6

substantive element of the crime charged, strict chronological specificity or accuracy is not required.") (internal quotation marks omitted). The date of the offense is not an element of distributing a controlled substance—the crime charged in Counts II and III. *See* 21 U.S.C. § 841(a)(1); *United States v. Folks*, 236 F.3d 384, 391 (7th Cir. 2001) ("21 U.S.C. § 841 does not make the date of the charged conduct an element of the crime"). Lockhart cites no authority holding that a two-month date range is constitutionally inadequate, and courts routinely decline to find variances even when the date of the crime falls outside the dates alleged in the indictment. *See, e.g.*, *United States v. Kimberlin*, 18 F.3d 1156, 1159 (4th Cir. 1994) (no variance where the indictment charged the date "[i]n or about July, 1991," but the proof at trial showed that the offense occurred in August 1991) (alteration in original). If an indictment is not required even to state the date correctly, then an indictment containing a two month range—which contains all the elements of the offense charged—provides the defendant with sufficient notice. *Cf. Folks*, 236 F.3d at 391 ("[U]nless the particular date is an element of the alleged offense, it is generally sufficient to prove that the offense was committed on any day before the indictment and within the statute of limitations.") (internal quotation marks omitted).

Although the indictment is constitutionally sufficient, the government's decision to charge two identical counts without providing dates to distinguish the offenses might justify a bill of particulars. Indeed, failure to specify the date of the charged offense alone may require a bill of particulars to help a defendant prepare for trial, *see United States v. Bortnovsky*, 820 F.2d 572, 574–75 (2d Cir. 1987) (requiring a bill of particulars where the indictment did not specify the dates of the alleged crimes), and the defendant's argument is even stronger where the date of the offense may be the only way of differentiating

7

otherwise identical offenses. The defendant, however, has not yet moved for a bill of particulars.

### III. The Indictment Is Not Multiplicitous

Lockhart also urges the Court to dismiss Counts II and III because they are phrased in identical terms and are therefore multiplicitous. "Multiplicity refers to multiple counts of an indictment which cover the same criminal behavior." *United States v. Benoit*, 713 F.3d 1, 16 (10th Cir. 2013) (internal quotation marks omitted). "[U]ndifferentiated counts," like Counts II and III, create a possibility that the jury will convict the defendant twice for the same conduct, in violation of the Double Jeopardy Clause. *See Valentine v. Konteh*, 395 F.3d 626, 634 (6th Cir. 2005). An indictment is not multiplicitous, however, if the charges arise from "distinct sets of conduct," as the United States is free to seek separate convictions for separate violations of the same criminal statute. *See Benoit*, 713 F.3d at 16 (internal quotation marks omitted). The key question, then, is whether Counts II and III refer to one drug sale (in which case they cover the same conduct) or two drug sales (in which case they do not).

The Court need not dismiss either Count at this stage, because the United States maintains that Counts II and III refer to two separate drug sales. The distinction, of course, is not at all clear from the face of the indictment, and the United States will bear the burden of proving two separate sales at trial. The Court will carefully instruct the jury, so there will be no confusion regarding which alleged sale is charged in each count. *E.g.*, *Valentine*, 395 F.3d at 636 (finding a double jeopardy violation where the jury instructions did not inform the jury "which factual incidents were connected to which charges"). The Court will also require the prosecution to tether the evidence supporting each count to that

count only.  *See, e.g.*, *United States v. Mason*, No. 12-4867, 2013 WL 3497641, at *3 (4th Cir. July 15, 2013) (no double jeopardy violation where "the prosecutor's statements and the evidence at trial" clearly separated potentially multiplicitous counts) (internal quotation marks omitted).  If the United States fails to prove the existence of two separate sales, or if the Court fears that the jury may confuse Counts II and III despite its instructions, then the Court may dismiss one of the counts before submitting the case to the jury.  *See United States v. Frierson*, 698 F.3d 1267, 1269 (10th Cir. 2012) (explaining that multiplicity is not fatal to an indictment, but that the imposition of multiplicitous sentences violates the Double Jeopardy Clause).

**IV.    Count I Should be Severed from Counts II and III**

Under Federal Rule of Criminal Procedure 14(a), the Court retains discretion to sever counts where joinder would prejudice the defendant.  *Zafiro v. United States*, 506 U.S. 534, 541 (1993) ("Rule 14 leaves the determination of risk of prejudice and any remedy that may be necessary to the sound discretion of the district courts.").  Severance is proper here, as the joinder of all three counts would prejudice Lockhart by denying her adequate time to prepare a defense to Counts II and III.

Count I has been pending for 14 months.  *See* R. 1.  The grand jury returned the most recent superseding indictment—which charged Counts II and III for the first time— less than two months ago.  *See* R. 336.  In the ordinary course of criminal litigation, wise counsel will respond to new allegations with any available non-frivolous motion to dismiss, before later seeking to obtain more information to assist in the preparation of a defense.  That is precisely what Lockhart's counsel did here:  The motions to dismiss addressed in this order were filed within 33 days of the superseding indictment.  *See* R.

9

348; R. 355. Although the motions fail, the Court has explained that Lockhart is likely entitled to a bill of particulars. Counsel behaved reasonably—indeed, zealously—by seeking to dismiss before attempting to prepare a defense to the charges. But the trial is set to begin in less than one week, so Lockhart's counsel would have no meaningful opportunity to pursue a bill of particulars, or make use of its contents, in advance of the scheduled trial. Since that timing is no fault of Lockhart's, the Court cannot seriously entertain the prospect of forcing Lockhart to stand trial immediately on two counts which are imprecisely phrased and which are likely subject to a bill of particulars—especially where Lockhart has had little or no opportunity to conduct discovery.

The only other plausible remedy would be a continuance, but neither party has moved for one. And for good reason: Count One has been pending for a long time, the parties have subpoenaed witnesses, and any delay would necessarily come at the expense of Lockhart's and the public's speedy trial rights. So joinder would require the Court to choose between delaying the trial of Count I (despite the absence of any just reason for delay) or holding the trial of all three counts as scheduled (without giving Lockhart the time necessary to prepare a defense to Counts II and III). Severance is thus the only option that remedies the full measure of prejudice Lockhart would suffer from the joinder of Count I with Counts II and III. Therefore, the Court will exercise its discretion to sever the trial of Count I from the trial of Counts II and III. *See* Fed. R. Crim. P. 14(a).

## CONCLUSION

Accordingly, it is **ORDERED** that:

(1) Lockhart's motion to dismiss for vindictive prosecution, R. 348, is **DENIED**.

(2) Lockhart's motion to dismiss Counts II and III, R. 355, is **DENIED**.

(3) Counts II and III are **SEVERED** from Count I and will be tried separately. A status conference regarding Counts II and III is **SCHEDULED** to begin immediately following the conclusion of the trial of Count I.

(4) The United States' motion to introduce certain portions of William McCoy's deposition, R. 357, is **GRANTED**, as the defendant did not respond to the United States' motion to introduce that testimony. *See* R. 330 at 6–7.

This the 16th day of October, 2013.

Signed By:
*Amul R. Thapar* AT
United States District Judge